**UNITED STATES of America,
Plaintiff,**

v.

**Andrew ACOSTA,, et al., Defendants.**

**No. 98–CR–0104.**

United States District Court,
E.D. Wisconsin.

June 22, 2001.

---

Karine Moreno–Taxman, United States Dept. of Justice, (ED–WI), Office of the U.S. Attorney, Milwaukee, WI, for plaintiff.

Patrick W. Blegen, Chicago, IL, John A. Cabranes, Hartig Bjelajac Cabranes & Koenen, Racine, WI, Dianne M. Erickson, Wasielewski & Erickson, Milwaukee, WI, Dale P. Nikolay, Gregory R. Parr, Milwaukee, WI, Matt J. Ricci, Ricci Law Offices, Wilwaukee, WI, for defendants.

## MEMORANDUM

ADELMAN, District Judge.

In the trial of this criminal case I used a verdict form in which special interrogatories on all elements of the crime preceded a question on guilt or innocence. The verdict form for one defendant, Andrew Acosta, is attached as Appendix A to this Memorandum as an example; three other defendants had similar verdict forms. My reasons for using this verdict form appear in the transcript, but I thought I would put them on paper and publish them, because, although such a verdict form is unusual, in cases like this one I believe it is fair to the parties and helpful to the jury.

Count one of the Second Superceding Indictment in this case charged a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), and asserted sixty-seven predicate acts. In total, the Second Superceding Indictment charged thirty-one defendants and

contained thirty counts. Five defendants, four of whom were charged in count one, proceeded through trial. The four defendants requested that for count one, prior to the general verdict question on guilt or innocence, the verdict form include special interrogatories regarding each element of the offense.

In support of their request, the defendants argued that RICO is a complicated statute requiring proof of a number of separate elements. They further argued that several of the defenses that they asserted focused on elements other than whether they had committed certain predicate acts. For example, one of the issues raised was whether the Almighty Latin King Nation was an enterprise. Another was whether a defendant was conducting or participating in the enterprise's affairs through commission of the predicate acts. Further, the case was a complicated one. The trial lasted over eight weeks, and the jury heard over 160 witnesses. Numerous predicate acts were involved and the jury instructions covered 109 pages on count one alone and 153 pages in total. The defendants argued that in such a complicated case there was a danger that the jury would only focus on the predicate acts, and that interrogatories would assure that the jury would separately consider each element of the RICO charge.

The United States objected to the interrogatory verdict form, but not strenuously, and offered a number of suggestions for improving it. The reasons stated for the prosecutors' objections were that such verdict forms are generally disfavored, that such a verdict form is unprecedented in the Eastern District of Wisconsin, and that such a verdict form would be confusing to the jurors.

 I have the discretion to determine whether to submit special interrogatories or a special verdict (I use the terms interchangeably for present purposes [1]) to the jury regarding the elements of an offense. *United States v. Console,* 13 F.3d 641, 663 (3d Cir.1993); *United States v. Ogando,* 968 F.2d 146, 149 (2d Cir.1992) (stating that the court of appeals "commit[s] the decision of whether and how to utilize special interrogatories in [complex criminal] cases to the broad discretion of the district court"); *see United States v. Jackson,* 213 F.3d 1269, 1285 (10th Cir.) (stating that district court's decision not to submit a special verdict form is reviewed for abuse of discretion), *vacated on other grounds,* 531 U.S. 1033, 121 S.Ct. 621, 148 L.Ed.2d 531 (2000); *United States v. Huebner,* 48 F.3d 376, 382 (9th Cir.1994) (reviewing for abuse of discretion district court's decision not to submit special verdict). Though not used often and perhaps not used previously in this district, special verdicts in criminal cases certainly are not unknown. *See* Fed.R.Crim.P. 31 advisory committee notes on 1972 amendments; *United States v. Spock,* 416 F.2d 165, 182 & n. 41 (1st Cir.1969) (citing cases). Federal Rule of Criminal Procedure 31 does not prohibit the use of interrogatories or a special verdict. Nor is there any other per se rule that such verdicts are forbidden. *United States v. O'Looney,* 544 F.2d 385, 392 (9th Cir.1976).

As a general rule, though, special verdicts or special interrogatories in criminal cases are disfavored. *United States v. Sababu,* 891 F.2d 1308, 1325 (7th Cir.1989); *United States v. Jackson,* 542 F.2d 403, 413 (7th Cir.1976). The reason is that they are generally thought to harm the

---

**1.** The terms are often used interchangeably, but to be more precise "special verdicts" are used to elicit precise findings by the jury in the absence of a general verdict, and "interrogatories" are used in conjunction with a general verdict. *United States v. Coonan,* 839 F.2d 886, 889 n. 2 (2d Cir.1988); *see* Fed. R.Civ.P. 49.

defendant. *See United States v. Coonan,* 839 F.2d 886, 891 (2d Cir.1988). Special verdicts are thought to put pressure on the jury to report its deliberations or support its verdict, *see O'Looney,* 544 F.2d at 392; *Spock,* 416 F.2d at 181; they are thought to "conflict with the basic tenet that juries must be free from judicial control and pressure in reaching their verdicts," *Sababu,* 891 F.2d at 1325. Special interrogatories that lead the jury on a path through the elements are thought to push the jury in the direction of a guilty verdict. *Coonan,* 839 F.2d at 891 (quoting *United States v. Ruggiero,* 726 F.2d 913, 927 (2d Cir.1984) (Newman, J., concurring in part and dissenting in part)); *Spock,* 416 F.2d at 182. A general verdict, on the other hand, does not lead or fetter the jury and in addition allows for jury nullification. *Coonan,* 839 F.2d at 891 (quoting *Ruggiero,* 726 F.2d at 927 (Newman, J., concurring in part and dissenting in part)). The jury, "as the conscience of the community," can look beyond logic to decide the case. *Spock,* 416 F.2d at 182.

██ Because the protections of a general verdict run to the defendant, however, a properly advised defendant may waive any right to a general verdict. *See id.* at 182–83; *O'Looney,* 544 F.2d at 392 & n. 5.[2] When a defendant does not object to use of a special verdict, the dangers protected against by a general verdict are not present. *See O'Looney,* 544 F.2d at 392.

 The government cannot point to any comparable considerations to prevent the use of special interrogatories. *Coo-*

*nan,* 839 F.2d at 891. The government, unlike a defendant, cannot seek the benefit of an irrational verdict. *Id.* In other words, while defendants have a right to a general verdict to allow the jury an opportunity to leaven the law with questions of conscience, the government cannot obtain a conviction if the jury ignores the law. "The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all of the elements of the crime with which he is charged." *United States v. Gaudin,* 515 U.S. 506, 511, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). In order to convict the defendants, the jury thus has to go through all elements of the crime and find them established beyond a reasonable doubt. *See id.* at 522–23, 115 S.Ct. 2310.

The Seventh Circuit has routinely noted the use of interrogatories in criminal RICO cases regarding establishment of predicate acts. *See United States v. Sims,* 144 F.3d 1082, 1083 (7th Cir.1998). Several cases and authorities in fact strongly recommend the use of interrogatories regarding the predicate acts of a RICO count. In *United States v. Ruggiero,* 726 F.2d 913, 922–23 (2d Cir.1984), for instance, the Second Circuit indicted that "it can be extremely useful for a trial judge to request the jury to record their specific dispositions of the separate predicate acts charged, in addition to their verdict of guilt or innocence on the RICO charge." If a defect I affecting a predicate act is

---

**2.** In the *Spock* case, the district judge gave special interrogatories on his own motion, over the strong objection of the defendants. *Spock,* 416 F.2d at 180. The court of appeals found the special interrogatories to be prejudicial error. *Id.* at 183. In *O'Looney,* the district judge, with the parties, crafted a special verdict form in response to a jury question indicating confusion on how to consider a charge of conspiracy to export or falsify

records. *O'Looney,* 544 F.2d at 391–92. The judge thus "did not impose the special verdict and O'Looney did not object." *Id.* at 392. The court of appeals, noting that "O'Looney had no constitutional right to a general verdict" such that a conscious surrender of the right by defendant himself was required, *id.* at 392 n. 5, saw no prejudice to the defendant, especially because his attorney had approved of the verdict form at trial, *id.* at 392.

later found on appeal, retrial can be avoided where the jury's determinations indicate that the defendant has been found beyond a reasonable doubt to have committed at least two other predicate acts. *Id.* at 923. Answers to such interrogatories "in every complex RICO case would greatly facilitate sound management of judicial resources." *Id.; see also* Karen J. Ciupak, Note, *RICO and the Predicate Offenses: An Analysis of Double Jeopardy and Verdict Consistency Problems,* 58 Notre Dame L.Rev. 382, 407–08 (1982) ("Special verdicts would clarify the trial verdict [and] would aid the appellate courts in analyzing RICO cases ....") indicating that special verdicts or interrogatories are appropriate in RICO cases.

Further, the Ninth Circuit recently suggested the use of a special verdict regarding establishment of a defense in a criminal case, because the general verdict did not allow the court of appeals to know the basis on which the jury had found the defendant guilty:

> Because the determination of whether a defendant is entrapped is often confusing and difficult, we encourage district courts to use special verdict forms that query jurors as to the elements of the entrapment defense. Not only does this ease the process of appellate review, it encourages juries to focus their deliberations on the elements of the defense.

*United States v. Poehlman,* 217 F.3d 692, 698 n. 7 (9th Cir.2000).

■ The verdict form in this case went beyond simply questions on the predicate acts; it included interrogatories on all elements of the RICO charge. I considered the government's argument that the verdict form caused more confusion than a general verdict but concluded that the ver-

dict form with interrogatories as to each element actually eliminated confusion. The jury was given extensive instructions and had heard extensive evidence. To convict the defendants the jury had to go through each element of the crime and find each element established beyond a reasonable doubt, and that is what the interrogatories asked the jury to do. I agreed with the defendants' contention that it would be fair and reasonable to use a verdict form that informed the jurors of and helped them work their way through the specific findings that they had to make.

Importantly, the defendants all strongly voiced their desire for the special interrogatories and waived any objections to those questions in the verdict form. On the record I asked each defendant about the verdict form because I wanted to make the record clear that each had considered the matter and desired and approved of the interrogatories as written. I further confirmed with each defendant that he approved of the introductory language of the last question in particular, which stated: "If you answered 'Yes' to questions 1 through 6, then you should find the defendant guilty of Count One." The reason for this question was to avoid the possibility of a verdict in which the answers to the interrogatories were inconsistent with the general verdict. Therefore, the reason for not using interrogatories—protection of the defendants—was fully addressed.

## APPENDIX A

### VERDICT AS TO DEFENDANT ANDREW ACOSTA

*COUNT ONE*

We, the jury, make the following findings with respect to Count One:

1. Was the Almighty Latin King Nation, Milwaukee Chapter, an enterprise?
 Yes _____ No _____

2. Did the activities of the enterprise affect interstate commerce?
 Yes _____ No _____

3. Was the defendant associated with the enterprise?
 Yes _____ No _____

4. *For each of the following predicate acts, specify whether it was proven with regard to this defendant:*
 a. Predicate Act # 8

 i. Predicate Act 8(a)
 _____
 [Proven *or* Not Proven]

 ii. Predicate Act 8(b)
 _____
 [Proven *or* Not Proven]

 iii. Predicate Act 8(c)
 _____
 [Proven *or* Not Proven]

 b. Predicate Act # 30
 _____
 [Proven *or* Not Proven]

 c. Predicate Act # 61
 _____
 [Proven *or* Not Proven]
 Were two or more of the above predicate acts proven? *(Count Predicate Act # 8 as only one predicate act, no matter how many sub-parts were proven.)*

 Yes _____ No _____

*If you answered Question 4 "No," then go directly to Question 7.*

5. Do these two or more predicate acts form a pattern?
 Yes _____ No _____

6. Did the defendant, through the commission of these two or more predicate acts, conduct, or participate in the conduct of, the affairs of the enterprise?
 Yes _____ No _____

7. *If you answered "Yes" to questions 1 through 6, then you should find the defendant guilty of Count One. If you answered "No" to any of these questions, then you should find the defendant not guilty of Count One.*

**Therefore,**
We, the jury, find the defendant, Andrew

Acosta, _____ of the offense
 [guilty *or* not guilty]

charged in Count One of the indictment,

racketeering in violation of 18 U.S.C.

§ 1962(c).

### COUNT TWO

We, the jury, find the defendant, Andrew Acosta, [guilty *or* not guilty] of the offense charged in Count Two of the indictment; conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d).

### COUNT THREE

We, the jury, find the defendant, Andrew Acosta, [guilty *or* not guilty] of the offense charged in Count Three of the indictment, conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1).

If you found the defendant guilty of Count Three, you must also specify one or

more controlled substances the defendant conspired to distribute:

Cocaine in any form:
Yes _____ No _____

Marijuana:
Yes _____ No _____

## COUNT EIGHT

We, the jury, find the defendant, Andrew Acosta, [guilty *or* not guilty] of the offense charged in Count Eight of the indictment, intentional possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1).